Jorge PEREZ–ALVAREZ,
Petitioner, Appellant,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent,
Appellee.

No. 88–1105.

United States Court of Appeals,
First Circuit.

Heard July 26, 1988.

Decided Sept. 19, 1988.

Lory D. Rosenberg with whom Law Of-
fice of Lory D. Rosenberg, Harvey Kaplan
and Law Office of Harvey Kaplan, Wash-
ington, D.C., were on brief, for petitioner,
appellant.

Parker Singh, Office of Immigration Liti-
gation, Civ. Div., Dept. of Justice, with
whom John R. Bolton, Asst. Atty. Gen.,
Civ. Div., and Joan E. Smiley, Asst. Di-
rector, Washington, D.C., were on brief,
for respondent, appellee.

Before BOWNES, NOONAN,* and
SELYA, Circuit Judges.

NOONAN, Circuit Judge.

Jorge Perez–Alvarez applied for asylum
under section 208(a) of the Refugee Act of
1980, 8 U.S.C. § 1158(a). The Immigration
Judge denied his application but granted
him voluntary departure. The Board of
Immigration Appeals (the Board) affirmed
the denial of the application but reversed
the grant of voluntary departure. Perez
appealed both the denial and the reversal to
this court. We reverse and remand.

## BACKGROUND

Jorge Antonio Perez–Alvarez was born
in Yucuaiquin, Department of La Union, El
Salvador, on July 6, 1950. In 1974 and
1975 he worked in the cornfields in his
home town and acted as the secretary of a
farmers' union. He subsequently moved to
San Salvador and worked as a bricklayer.
In 1984 he fled the country and entered the
United States without inspection. At the
hearing before the Immigration Judge,

* Of the Ninth Circuit, sitting by designation.

counsel for Perez sought to offer evidence as to the work of the farmers' union of which Perez was the secretary. Counsel for the Immigration Service objected, "This is information ... ten years old." The Immigration Judge sustained the objection.

At the conclusion of the hearing the Immigration Judge gave his oral decision. He declared: "Respondent must establish that it is more likely than not that he as an individual will be persecuted if returned to El Salvador for withholding of deportation under [s]ection 243(h) of the Act." Although the Immigration Judge referred to Perez's claim for asylum under section 208(a) of the Act and the well-founded fear of persecution standard, he failed to apply the appropriate test in his analysis of Perez's case and concluded that, because Perez had "not established that is more likely than not that he ... as an individual would be persecuted," he had "failed to establish a claim for asylum or withholding of deportation." Perez appealed to the Board.

The Board acknowledged that the Immigration Judge had failed to follow the standards of proof required under section 208 as determined by *INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The Board did not relate the ruling made by the Immigration Judge on evidence to his failure to apply the appropriate standard. The Board sustained the judge's ruling excluding the testimony about the union, observing that in the nine years that followed his union activities, Perez had offered no evidence that he had been persecuted because of it. The Board sustained the denial of his application for asylum.

One member of the Board, Michael J. Heilman, dissented as to the exclusion of the evidence about the union:

It is difficult enough to assess persecution claims where the applicant has been allowed to fully present his testimony and evidence. It would be extremely difficult if not impossible for this Board or the immigration judge initially to consider a claim if essential elements of the claim are barred from consideration.

There is further reason to be concerned where testimony and documentary evidence are excluded from consideration, when the reason for the exclusion is an apparent assumption on the part of the immigration judge or the Service regarding the substance of the persecution claim. Here, for example, the evidence was cut off on the apparent assumption that a 10–year–old membership in a union was too old or too stale to constitute a ground for persecution. Perhaps this is so, but there is nothing in the record to sustain the immigration judge's assumption in this regard, except perhaps his general perception of life or political conditions in El Salvador which may or may not be grounded in fact.

As a general rule, in considering claims of persecution I think it highly advisable to avoid assumptions regarding the way other societies operate. Time and again this Board has considered appeals in which assumptions of this nature have been proven to be totally wrong, once the applicant has been given a full hearing. I would remand the record for further hearing on this issue.

Perez appealed to this court.

## ANALYSIS

■ We begin by noting that due to a mistake of the Immigration Service the case has been described as involving one Jose Perez–Alvarez. The Immigration Judge discovered the mistake and corrected it, but it has somehow been perpetuated by the Board. We direct the Clerk of this court to correct the record, and we direct the Board to correct its records to reflect that this case involves Jorge Perez–Alvarez.

The restoration of its proper name to the petitioner's case raises the question whether in cases of this kind in which the petitioner expresses fear of persecution in his native country a report of the case should not as a matter of course mask his identity. We note the strength of the argument for so doing but leave it in the first instance to the Board to adopt such a shift in nomenclature.

When a judge is confused as to the standard of proof to be applied in the case before him, his rulings on evidence are very likely to be affected by that confusion. In this case, the Immigration Judge applied a standard of proof that is erroneous in the light of *Cardoza–Fonseca, supra.* It is now clear that the appropriate standard is not a "more likely than not" one:

> Our analysis of the plain language of the Act, its symmetry with the United Nations Protocol, and its legislative history, lead inexorably to the conclusion that to show a "well-founded fear of persecution," an alien need not prove that it is more likely than not that he or she will be persecuted in his or her home country.

*Id.* 107 S.Ct. at 1222. If one out of 10 adult male persons in the petitioner's country of origin is either in danger of death or of incarceration in "some remote labor camp," the petitioner has "a well-founded fear" of persecution. *Id.* 107 S.Ct. at 1213. Although objective factors are relevant, there is under the statute an "obvious focus on the individual's subjective beliefs." *Id.*

Handicapped by confusion as to the standard of proof, the Immigration Judge made an erroneous ruling excluding proferred testimony. The error requires reversal. We incorporate by reference, and adopt, the analysis of Board Member Heilman.

■ In view of the disposition of the case, we do not reach the Board's reversal of the grant of voluntary departure. We do note, however, that the Board in exercising the discretionary authority conferred upon it by Congress cannot proceed arbitrarily and must consider and evaluate all relevant factors. *Cf. Williams v. INS,* 773 F.2d 8, 9–10 (1st Cir.1985).

REVERSED AND REMANDED.